JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-08439-JHN -SHx | Date | February 11, 2011 |
|---|---|---|---|
| Title | South Gate Ambulatory Surgery Center LLC et al. v. The Int'l Longshore & Warehouse Union--Pacific Maritime Ass'n Coastwise et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [16 & 17]
(In Chambers)

The matter is before the Court on Plaintiffs South Gate Ambulatory Surgery Center, LLC ("South Gate") and Jeffrey T. Ho, M.D.'s ("Dr. Ho") (collectively, "Plaintiffs") Motion to Remand pursuant to 28 U.S.C. § 1447(c). (Docket Nos. 16 & 17.) The Court previously deemed the matter appropriate for decision without oral argument and took it under submission. Fed. R. Civ. P. 78; L.R. 7-15. For the reasons discussed below, the Court GRANTS Plaintiffs' motion and REMANDS the action to the Los Angeles County Superior Court.

### I. FACTUAL BACKGROUND[1]

This litigation stems from the alleged failure of Defendants International Longshore & Warehouse Union–Pacific Maritime Association Coastwise ("ILWU") and SHPS (collectively, "Defendants") to pay Plaintiffs for healthcare services provided to multiple patients. The parties entered into three agreements wherein Plaintiffs would reduce their respective bills charged to SHPS and in return, SHPS would not audit the charges and the claims would be paid in an expedited manner. (Compl., Exhs. A-C.) The issue before the Court is whether Plaintiffs' state-law claims are completely preempted by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, such that the Court may properly exercise federal question jurisdiction over this suit. The Complaint makes the allegations set forth below.

**A.     Surgery Center Agreements**

---

[1] The instant case and the earlier-filed related case, captioned *Sharp Surgery Center v. SHPS, Inc. et al.*, CV 10-5888, arise from nearly identical contracts and underlying facts. As Defendant SHPS Health Management Solutions, Inc. ("SHPS") concedes, while the plaintiffs are different, the allegations are similar. (SHPS's Response to Plaintiffs' Counter-Statement to Notice of Related Case at 2.)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-08439-JHN -SHx | Date | February 11, 2011 |
|---|---|---|---|
| Title | South Gate Ambulatory Surgery Center LLC et al. v. The Int'l Longshore & Warehouse Union--Pacific Maritime Ass'n Coastwise et al. | | |

On or about May 15, 2009, South Gate, an ambulatory surgery center, and SHPS, acting as an agent of ILWU, entered into a written agreement ("2009 Surgery Center Agreement"), whereby South Gate promised to provide medical services for ILWU's members. (Compl. ¶ 12; *see also*, Compl., Exh. B [2009 Surgery Center Agreement].) The agreement stated that in return for a 10% discount on the total charges billed by South Gate, ILWU would pay South Gate within seven to ten business days of receipt of a claim and SHPS would not have audit rights. (*Id.*) Thereafter, on or about January 22, 2010, South Gate and SHPS executed a second contract ("2010 Surgery Center Agreement"). (Compl. ¶ 15; *see also*, Compl., Exh. A [2010 Surgery Center Agreement].) The terms of the two contracts are identical. Beginning January 1, 2010, SHPS stopped reimbursing South Gate at the agreed upon rate. Instead, SHPS paid South Gate at a much lower rate. Defendants also denied many of the claims for services, alleging lack of medical necessity.

**B.    Physician Agreement**

On or about February 12, 2010, Dr. Ho and SHPS entered into a written agreement ("Physician Agreement"), wherein Dr. Ho promised to provide medical services for ILWU's members. (Compl. ¶ 22; *see also*, Compl., Exh. C [Physician Agreement].) The agreement stated that in return for a 50% discount on the total charges billed by Dr. Ho, ILWU would pay Dr. Ho within seven to ten business days of receipt of a claim and SHPS would not have audit rights. (Compl., Exh. C.) Notwithstanding the terms of the contract, SHPS and ILWU failed to pay Dr. Ho according to the rate agreed upon by the parties. Instead, Defendants paid Dr. Ho at a lower rate without any basis for doing so. (Compl. ¶ 25.)

On October 7, 2010, Plaintiff filed an action in the state court, alleging breach of contract, intentional misrepresentation, estoppel, unfair business acts and practices, and declaratory relief. Defendants removed the case to this Court, claiming federal question jurisdiction based on ERISA preemption. Thereafter, Plaintiffs filed the instant motion. The Court REMANDS the action because there is no basis for federal question jurisdiction as ERISA does not completely preempt the state-law claims.

## II.  LEGAL STANDARD

Section 502(a) of ERISA provides that an ERISA action "may be brought– (1) by a *participant* or *beneficiary*– . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132 (emphasis added). A party seeking removal based on federal question jurisdiction must show either that the state-law causes of action are completely preempted by § 502(a) of ERISA or that some other basis exists for federal question jurisdiction. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009). The Ninth Circuit instructs that "[i]f state-law causes of action come within the scope of § 502(a)(1)(B), those causes of action are completely pre-empted, and the only possible cause of action is under § 502(a)(1)(B)." *Id.* at 946. In that instance, a federal district court has federal question jurisdiction, either original jurisdiction under § 1331(a) or removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-08439-JHN -SHx | Date | February 11, 2011 |
|---|---|---|---|
| Title | South Gate Ambulatory Surgery Center LLC et al. v. The Int'l Longshore & Warehouse Union--Pacific Maritime Ass'n Coastwise et al. | | |

jurisdiction under § 1441(a), to decide whether the plaintiff has stated a cause of action under § 502(a)(1)(B). *Id.* To determine whether an asserted state-law cause of action comes within the scope of § 502(a)(1)(B), the Supreme Court formulated a two-prong test. Under *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004), a state-law cause of action is completely preempted if: (1) "an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B)," and (2) "where there is no other independent legal duty that is implicated by a defendant's actions." *Id.* at 210.

### III. DISCUSSION

Plaintiffs argue that their independent state-law claims are not completely preempted by ERISA. (Mot. 2-7.) Plaintiffs rely on a string of cases for the proposition that when a third-party medical provider sues an ERISA plan based on contractual obligations arising directly between the provider and the plan, no ERISA governed relationship is implicated and the claim is not completely preempted. Two of these cases– *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941 and *Blue Cross v. Anesthesia Care Ass'n Med. Group, Inc.*, 187 F.3d 1045 (9th Cir. 1999)– are directly on point.

In *Marin,* a hospital brought state-law claims against a plan administrator who refused to pay for services to plan beneficiaries after orally agreeing to do so. The hospital sought payment not based on the terms of the ERISA plan but on a separate and independent oral contract with administrator. *Id.* at 943. Because the administrator's obligation does not stem from the ERISA plan, and the hospital is therefore not suing as the assignee of an ERISA plan participant or beneficiary under § 502(a)(1)(B), the court in *Marin* concluded that the state-law claims do not satisfy the first-prong of *Davila*. *Marin*, 581 F.3d at 949. With regard to the second prong of *Davila*, the court explained that the question under that prong "is whether the complaint relies on a legal duty that arises independently of ERISA." *Marin*, 581 F.3d at 950. Because the hospital's state-law claims are not based on an obligation under an ERISA plan, and because they would exist whether or not an ERISA plan existed, the court concluded that they are based on "other independent legal dut[ies]" within the meaning of *Davila. Id.* Since the state-law claims did not meet the *Davila* requirements, the Court concluded that the hospital's claims are not completely preempted.

*Blue Cross*, which was decided before *Marin*, "is analytically similar" to *Marin* and "is consistent with the Supreme Court's decision in *Davila*." *Marin*, 581 F.3d at 948. In *Blue Cross,* the Ninth Circuit decided whether the claims of medical providers against a health care plan for breach of their provider agreements are preempted by ERISA. 187 F.3d at 1047. Providers of medical services ("Providers") sued Blue Cross for breach of contract, alleging that Blue Cross had improperly changed the fee schedule according to which providers were to be compensated. *Id.* at 1048. The court held that the Providers' claims, which arise from the terms of their provider agreements and could not be asserted by their patient-assignors, are not claims for benefits under the terms of ERISA plans, and hence do not fall within § 502(a)(1)(B). *Id.* at 1050.

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-08439-JHN -SHx | Date | February 11, 2011 |
|---|---|---|---|
| Title | South Gate Ambulatory Surgery Center LLC et al. v. The Int'l Longshore & Warehouse Union--Pacific Maritime Ass'n Coastwise et al. | | |

Applying the *Davila* test, the Court finds that Plaintiffs' claims are not completely preempted. The question under the first prong of *Davila* is whether a plaintiff seeking to assert a state-law claim "at some point in time, could have brought his claim under ERISA § 502(a)(1)(B)." 542 U.S. at 210. The Court concludes that Plaintiffs could not have brought their claims under § 502(a)(1)(B). Section 502(a)(1)(B) of ERISA provides that a civil action may be brought under ERISA by a plan "participant," "beneficiary," or "fiduciary," or by the Secretary of Labor. 29 U.S.C. § 1132(a). Here, Plaintiffs are not "participant," "beneficiary," or "fiduciary" within the meaning of § 502(a)(1)(B). Furthermore, Plaintiffs are not seeking payments as assignees of one of the enumerated entities. Of equal importance, Plaintiffs' claims are not seeking payments based on an ERISA plan. Rather, they are suing based on a separate obligation owed to them outside the Plan. Therefore, Plaintiffs' claims do not satisfy the first prong of *Davila*.

The question under the second prong is whether "there is no other independent legal duty that is implicated by a defendant's actions." *Davila*, 542 U.S. at 209; *Marin*, 581 F.3d at 949. "If there is some other independent legal duty beyond that imposed by an ERISA plan, a claim based on that duty is not completely preempted under § 502(a)(1)(B)." *Marin*, 581 F.3d at 949. Here, Plaintiffs' claims do not rely on, and are independent of, any duty under the Plan. Plaintiffs' claims are based on the Surgery Center Agreements and the Physician Agreement. Because Plaintiffs' claims are not based on any obligation imposed by the Plan, they are based on "other independent legal dut[ies]" within the meaning of *Davila*.

In its opposition, ILWU argues that Plaintiffs could have brought their claims under § 502 and therefore, complete preemption exists. ILWU concedes that ordinarily, only an enumerated party– for instance, a participant or beneficiary– may bring an action against an ERISA plan to recover benefits due. 29 U.S.C. § 1132(a)(1)(B). Nonetheless, ILWU argues that health care providers may be granted "derivative standing" to seek benefits for medical care they have provided to plan members. (ILWU's Opp'n 5.) However, Plaintiffs could not have brought their claims as assignees of the beneficiaries because these claims do not stem from the Plan but from the terms of the discount agreements. Therefore, the beneficiaries cannot confer "derivative standing" on Plaintiffs when the beneficiaries themselves are strangers to these discount agreements.

ILWU's reliance on *Misic v. Building Service Employees Heath & Welfare Trust* (Opp'n 5) is misplaced. 789 F.2d 1374 (9th Cir. 1986). In *Misic*, the court held that an assignee of beneficiaries of a plan has standing to assert the claims of his assignors under ERISA. *Id.* at 1379. *Misic* is factually distinguishable because the plaintiff there brought his claims by "stand[ing] in the shoes of the beneficiaries." *Id.* at 1378. Indeed, the plan is the provider's only basis for his reimbursement claim. *Id.* at 1376. Here, in contrast, Plaintiffs and SHPS have executed three discount agreements, and it is the terms of these agreements that Plaintiffs contend Defendants have breached. Accordingly, *Misic* simply

**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-08439-JHN -SHx | Date | February 11, 2011 |
|---|---|---|---|
| Title | South Gate Ambulatory Surgery Center LLC et al. v. The Int'l Longshore & Warehouse Union--Pacific Maritime Ass'n Coastwise et al. | | |

has no application to this case.[2]

ILWU's argument that the discount agreements impose no legal duty on the Plan because it was not a signatory to these agreements is unavailing.  (ILWU's Opp'n 5.)  Here, SHPS acted as an "agent" for ILWU, and ILWU enjoyed the benefits of SHPS's actions.  Indeed, ILWU ratified the discount agreements as evidenced by its previous payments to Plaintiffs.  (Compl. ¶ 18.)  It is well-established that where a principal, with full knowledge of all the facts involved, reaps the fruits of its agent's unauthorized agreements and for some time yields acquiescence to the terms of these agreements, the principal will be deemed to have ratified these agreements, and will be estopped from repudiating latter. *Newhall v. Joseph Levy Bag Co.*, 19 Cal. App. 9, 26 (Cal. App. 1912); *Higson v. Montgomery Ward & Co.*, 263 Cal. App. 2d 333, 342 (Cal. App. 1968).

Lastly, SHPS argues that Plaintiffs' claims are completely preempted because they "relate to" an ERISA plan.  SHPS misses the mark.  The "relate to" test under § 514(a) is not the test for complete preemption.  In *Marin*, the Ninth Circuit acknowledged that it "may have been partially responsible for the parties' confusion between complete preemption under § 502(a), which provides a basis for federal question removal jurisdiction, and conflict preemption under § 514(a), which does not."  581 F.3d at 945.  The Ninth Circuit clarified that the terminology "relate to" is relevant to conflict preemption under § 514(a) rather than complete preemption under § 502(a).  *Id.* at 946.  Because a "a defense of conflict preemption under § 514(a) does not confer federal question jurisdiction on a federal district court," the fact that a claim "relates to" an ERISA plan is not conclusive of the complete preemption issue.  To determine whether a state-law claim is completely preempted, the *Davila* test must be satisfied.  "[I]f the doctrine of complete preemption does not apply, even if the defendant has a defense of 'conflict preemption' within the meaning of [ § 514(a)] because the plaintiff's claims 'relate to' an ERISA plan, the district court [is] without subject matter jurisdiction[.]" *Marin*, 581 F.3d at 945.

### IV.  CONCLUSION

For these reasons, the Court remands this action to the Los Angeles County Superior Court.  Plaintiffs' request for fees and costs are denied.

**IT IS SO ORDERED.**

---

[2]  SHPS also relied on *Misic* in its papers.  For the reason stated above, SHPS's reliance on this case is misplaced.  The Court also finds SHPS' reliance on *Psychiatric Inst. of Washington, D.C., Inc. v. Connecticut General Life Ins. Co.*, 780 F. Supp. 24, 26 (D.D.C. 1992), unavailing.  Like *Misic*, *Psychiatric Institute* is distinguishable because plaintiff there was acting as an assignee of beneficiaries to an ERISA claim.  *Psychiatric Inst.*, 780 F. Supp. at 26.

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-08439-JHN -SHx | Date | February 11, 2011 |
|---|---|---|---|
| Title | South Gate Ambulatory Surgery Center LLC et al.<br>v. The Int'l Longshore & Warehouse Union--Pacific Maritime Ass'n Coastwise et al. | | |

|  |  | : | N/A |
|---|---|---|---|
|  | Initials of Preparer | AM | |